**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *Petitioner*, | No. 01-71934 |
| MIRANT AMERICAS ENERGY MARKETING, LP; NEVADA POWER COMPANY; SIERRA PACIFIC POWER COMPANY; CITY OF SEATTLE; CITY OF GLENDALE; MIECO, INC., *Intervenors*, | FERC No. EL00-000, et al. |
| and | OPINION |
| CITY OF GLENDALE, CALIFORNIA, | |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, *Respondent.* | |

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. XAVIER BECERRA , Attorney General, *Petitioners*, | No. 01-71944 |

NEVADA POWER COMPANY; SIERRA
PACIFIC POWER COMPANY; CITY OF
SEATTLE; MIECO, INC.,
                    *Intervenors*,

                  v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent.*

SOUTHERN CALIFORNIA EDISON          No. 02-70219
COMPANY,
                    *Petitioner*,

NRG POWER MARKETING, INC.;
PUBLIC UTILITY DISTRICT NO. 2 OF
GRANT COUNTY, COMMISSION OF
THE STATE OF CALIFORNIA; PORT OF
SEATTLE, WASHINGTON; CITY OF
TACOMA, WASHINGTON; THE
PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General; EL
PASO MERCHANT ENERGY L.P.;
SACRAMENTO MUNICIPAL UTILITY
DISTRICT; MIRANT AMERICAS
ENERGY MARKETING, LP; MIRANT
CALIFORNIA, LLC; MIRANT DELTA,
LLC, MIRANT POTRERO, LLC;
DYNEGY POWER MARKETING, INC.;
EL SEGUNDO POWER LLC, LONG

BEACH GENERATION, LLC; CABRILLO POWER I, LLC; CABRILLO POWER II, LLC; PORTLAND GENERAL ELECTRIC COMPANY; PACIFICORP; TRANSMISSION AGENCY OF NORTHERN CALIFORNIA (TANC); NORTHERN CALIFORNIA POWER AGENCY, PUBLIC SERVICE COMPANY OF NEW MEXICO; CORAL POWER, L.L.C., CONSTELLATION POWER SOURCE; CORAL POWER, L.L.C.; CONSTELLATION ENERGY COMMODITIES GROUP, INC.; CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION; SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT; CA STATE ASSEMBLY; PACIFIC GAS & ELECTRIC COMPANY,
*Intervenors,*

PORT OF SEATTLE; CITY OF TACOMA; THE PEOPLE OF THE STATE OF CALIFORNIA; CITY OF SAN DIEGO; CA STATE ASSEMBLY,
*Petitioners-Intervenors,*

NEVADA POWER COMPANY; SIERRA PACIFIC POWER COMPANY; CITY OF SEATTLE,
*Intervenors,*

CITY OF PASADENA,
                *Petitioner-Intervenor,*

MIECO, INC.,
                        *Intervenor*,

                v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                        *Respondent.*

---

CALIFORNIA PUBLIC UTILITIES                No. 02-71426
COMMISSION,
                        *Petitioner*,

SOUTHERN CALIFORNIA EDISON
COMPANY; THE PEOPLE OF THE
STATE OF CALIFORNIA, EX REL.
XAVIER BECERRA,  Attorney
General; CITY OF TACOMA,
WASHINGTON; PORT OF SEATTLE
WASHINGTON,
                *Petitioners-Intervenors*,

PORTLAND GENERAL ELECTRIC
COMPANY; AVISTA CORPORATION;
EL PASO MERCHANT ENERGY L.P.;
CORAL POWER, L.L.C.; NORTHERN
CALIFORNIA POWER AGENCY;
AVISTA ENERGY, INC.; MORGAN
STANLEY CAPITAL GROUP, INC.;

MERRILL LYNCH CAPITAL SERVICES
INC.; DUKE ENERGY NORTH
AMERICA, LLC, DUKE ENERGY
TRADING AND MARKETING, LLC,
(COLLECTIVELY, "DUKE ENERGY");
PACIFIC GAS & ELECTRIC COMPANY;
PACIFICORP; MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

M-S-R PUBLIC POWER AGENCY;
MODESTO IRRIGATION DISTRICT;
CITY OF REDDING, CALIFORNIA;
CITY OF SANTA CLARA,
CALIFORNIA; DYNEGY POWER
MARKETING, INC., EL SEGUNDO
POWER LLC, LONG BEACH
GENERATION LLC, CABRILLO
POWER I LLC, AND CABRILLO
POWER II LLC (COLLECTIVELY,
"DYNEGY"),
*Respondents-Intervenors.*

PACIFIC GAS & ELECTRIC COMPANY,
                                    *Petitioner*,

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
SOUTHERN CALIFORNIA EDISON
COMPANY,
                    *Petitioners-Intervenors*,

AVISTA CORPORATION;
COGENERATION ASSOCIATION OF CA
(CAC), NEVADA INDEPENDENT
ENERGY COALITION (NIEC) AND
COGENERATION COALITION OF WA
(CCW); CALIFORNIA INDEPENDENT
SYSTEM OPERATOR CORPORATION;
PORTLAND GENERAL ELECTRIC
COMPANY; DYNEGY POWER
MARKETING, INC.; EL SEGUNDO
POWER; CABRILLO POWER;
CABRILLO POWER II LLC; MORGAN
STANLEY CAPITAL GROUP, INC.;
MODESTO IRRIGATION DISTRICT;
CITY OF SANTA CLARA,
CALIFORNIA; AVISTA ENERGY;
PUGET SOUND INVESTMENT GROUP;
THE CITY OF LOS ANGELES
DEPARTMENT OF WATER AND
POWER; CORAL POWER, L.L.C.;
MIRANT AMERICAS ENERGY
MARKETING, LP, MIRANT CA, LLC,
MIRANT DELTA, LLC, AND MIRANT

No. 02-72136

POTEREO, LLC (COLLECTIVELY,
"MIRANT"; TRANSCANADA ENERGY
LTD.; NORTHERN CALIFORNIA
POWER AGENCY; CITY OF TACOMA,
WASHINGTON; PORT OF SEATTLE
WASHINGTON; PACIFICORP;
PACIFICORP; SALT RIVER PROJECT
AGRICULTURAL IMPROVEMENT AND
POWER DISTRICT; CITY OF REDDING,
CALIFORNIA; MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

METROPOLITAN WATER DISTRICT OF
SOUTHERN CALIFORNIA,
*Respondent-Intervenor.*

SOUTHERN CALIFORNIA EDISON
COMPANY,
*Petitioner*,

No. 02-72488

PACIFIC GAS & ELECTRIC COMPANY,
*Petitioner-Intervenor*,

SALT RIVER PROJECT
AGRICULTURAL IMPROVEMENT AND

POWER DISTRICT; PACIFICORP;
MIECO, INC.,
                    *Intervenors*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent.*

SOUTHERN CALIFORNIA EDISON
COMPANY,
                    *Petitioner*,

MIECO, INC.,
                    *Intervenor*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent.*

No. 02-72548

SAN DIEGO GAS & ELECTRIC
COMPANY,
                    *Petitioner*,

MIECO, INC.,
                    *Intervenor*,

No. 02-72585

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

---

CALIFORNIA PUBLIC UTILITIES
COMMISSION,

*Petitioner*,

No. 03-74471

PORT OF SEATTLE WASHINGTON;
MIECO, INC.,

*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

---

PORTLAND GENERAL ELECTRIC
COMPANY,

*Petitioner*,

No. 03-74647

MODESTO IRRIGATION DISTRICT;
CITY OF SANTA CLARA; CITY OF
REDDING; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; TRANSCANADA
ENERGY; CALIFORNIA PUBLIC

UTILITIES COMMISSION; SOUTHERN
CALIFORNIA EDISON COMPANY;
CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; PACIFIC GAS &
ELECTRIC COMPANY; THE PEOPLE OF
THE STATE OF CALIFORNIA, EX REL.
XAVIER BECERRA, Attorney General;
NORTHERN CALIFORNIA POWER
AGENCY; PORT OF SEATTLE; TUCSON
ELECTRIC POWER COMPANY;
PACIFICORP; EL PASO MERCHANT
ENERGY L.P.; CONSTELLATION
ENERGY COMMODITIES GROUP, INC.;
MIECO, INC.,
                              *Intervenors*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                              *Respondent.*

---

SOUTHERN CALIFORNIA EDISON          No. 03-74729
COMPANY,
                              *Petitioner*,

MIECO, INC.,
                              *Intervenor*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

---

SOUTHERN CALIFORNIA EDISON
COMPANY,

*Petitioner*,

MIECO, INC.,

*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

No. 04-70564

---

SOUTHERN CALIFORNIA EDISON
COMPANY,

*Petitioner*,

CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; MIECO, INC.,

*Intervenors*,

v.

No. 04-72162

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*,

CALIFORNIA INDEPENDENT SYSTEM
OPERATOR CORPORATION,
                    *Intervenor*,

PORT OF SEATTLE WASHINGTON;
AVISTA ENERGY INC.; CALIFORNIA
ELECTRICTY OVERSIGHT BOARD;
DYNEGY POWER MARKETING, INC.,
EL SEGUNDO POWER LLC, LONG
BEACH GENERATION LLC,
CABRILLO POWER I LLC, AND
CABRILLO POWER II LLC
(COLLECTIVELY, "DYNEGY"),
                    *Applicants-Intervenors.*

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,
                    *Petitioner*,

CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; PORT OF
SEATTLE; MIECO, INC.,
                    *Intervenors*,

                v.

No. 04-72169

FEDERAL ENERGY REGULATORY
COMMISSION,
                              *Respondent*,

CALIFORNIA INDEPENDENT SYSTEM
OPERATOR CORPORATION,
                              *Intervenor*,

PORT OF SEATTLE WASHINGTON;
CORAL POWER, L.L.C.; AVISTA
ENERGY INC.; PUGET SOUND
ENERGY, INC; CALIFORNIA
ELECTRICTY OVERSIGHT BOARD;
DYNEGY POWER MARKETING, INC.,
EL SEGUNDO POWER LLC, LONG
BEACH GENERATION LLC,
CABRILLO POWER I LLC, AND
CABRILLO POWER II LLC
(COLLECTIVELY, "DYNEGY"),
                *Applicants-Intervenors.*

PACIFIC GAS & ELECTRIC COMPANY,          No. 04-72210
                              *Petitioner*,

MIECO, INC.,
                              *Intervenor*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*,

CALIFORNIA INDEPENDENT SYSTEM
OPERATOR CORPORATION,
                    *Intervenor*,

DUKE ENERGY NORTH AMERICA,
LLC, DUKE ENERGY TRADING AND
MARKETING, LLC, (COLLECTIVELY,
"DUKE ENERGY"); SOUTHERN
CALIFORNIA EDISON COMPANY,
(EDISON); PORT OF SEATTLE
WASHINGTON; CORAL POWER,
L.L.C.; AVISTA ENERGY, INC.;
CALIFORNIA ELECTRICTY
OVERSIGHT BOARD; DYNEGY POWER
MARKETING, INC., EL SEGUNDO
POWER LLC, LONG BEACH
GENERATION LLC, CABRILLO
POWER I LLC, AND CABRILLO
POWER II LLC (COLLECTIVELY,
"DYNEGY"),
                    *Applicants-Intervenors.*

PACIFIC GAS & ELECTRIC COMPANY,                    No. 04-72539
                    *Petitioner*,

MIECO, INC.,
                    *Intervenor*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*.

SOUTHERN CALIFORNIA EDISON                    No. 04-72756
COMPANY,
                    *Petitioner*,

MIECO, INC.,
                    *Intervenor*,

                    v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*.

PACIFIC GAS & ELECTRIC COMPANY,
*Petitioner*,

MIECO, INC.,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 04-73242

THE PEOPLE OF THE STATE OF
CALIFORNIA; XAVIER BECERRA,
Attorney General,
*Petitioners*,

MIECO, INC.,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 04-73259

CALIFORNIA PUBLIC UTILITIES
COMMISSION; CALIFORNIA
ELECTRICITY OVERSIGHT BOARD,
*Petitioners*,

PORT OF SEATTLE, WASHINGTON;
MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 04-73405

THE PEOPLE OF THE STATE OF
CALIFORNIA; XAVIER BECERRA,
Attorney General,
*Petitioners*,

MIECO, INC.,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 04-73491

PACIFIC GAS & ELECTRIC COMPANY,                    No. 04-74984
                              *Petitioner*,

CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; SOUTHERN
CALIFORNIA EDISON COMPANY,
                    *Petitioners-Intervenors*,

MODESTO IRRIGATION DISTRICT;
THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General; AVISTA
ENERGY INC.; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; ENRON POWER
MARKETING INC.; MIECO, INC.,
                              *Intervenors*,

                   v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                              *Respondent*,

DYNEGY POWER MARKETING, INC.;
MODESTO IRRIGATION DISTRICT;
NORTHERN CALIFORNIA POWER
AGENCY; CALIFORNIA INDEPENDENT
SYSTEM OPERATOR CORPORATION;
THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,
                    *Respondents-Intervenors*.

| | |
|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, *Petitioner*, MODESTO IRRIGATION DISTRICT; THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. XAVIER BECERRA, Attorney General; SEMPRA ENERGY TRADING CORP.; AVISTA ENERGY INC.; CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION; ENRON POWER MARKETING INC.; CITY OF LOS ANGELES DEPARTMENT OF WATER AND POWER; WILLIAMS POWER COMPANY, INC; MIECO, INC., *Intervenors*, v. FEDERAL ENERGY REGULATORY COMMISSION, *Respondent*. | No. 04-75496 |

| | |
|---|---|
| CALIFORNIA PUBLIC UTILITIES COMMISSION; CALIFORNIA ELECTRICITY OVERSIGHT BOARD, *Petitioners*, MODESTO IRRIGATION DISTRICT; THE PEOPLE OF THE STATE OF CALIFORNIA, EX REL. XAVIER | No. 04-75503 |

BECERRA, Attorney General;
SEMPRA ENERGY TRADING CORP.;
AVISTA ENERGY INC.; ENRON
POWER MARKETING INC.; WILLIAMS
POWER COMPANY, INC; MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,
*Respondent-Intervenor*.

---

PACIFIC GAS & ELECTRIC COMPANY,             No. 04-75609
*Petitioner*,

MODESTO IRRIGATION DISTRICT;
THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
SEMPRA ENERGY TRADING CORP.;
AVISTA ENERGY INC.; PUGET SOUND
ENERGY, INC; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; ENRON POWER

MARKETING, INC.; WILLIAMS POWER
COMPANY, INC; MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

SOUTHERN CALIFORNIA EDISON
COMPANY,
*Petitioner*,

No. 04-75720

TUCSON ELECTRIC POWER
COMPANY,
*Intervenor*,

MODESTO IRRIGATION DISTRICT,
*Respondent-Intervenor*,

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General; AVISTA
ENERGY INC.; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; ENRON POWER
MARKETING INC.; WILLIAMS POWER
COMPANY, INC; MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent*,

WILLIAMS POWER COMPANY, INC;
PACIFICORP,

*Applicants-Intervenors.*

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,

*Petitioner*,

MODESTO IRRIGATION DISTRICT;
THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General; AVISTA
ENERGY INC.; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; ENRON POWER
MARKETING, INC.; WILLIAMS POWER
COMPANY, INC; MIECO, INC.,

*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

No. 04-75838

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,
*Petitioner*,

MODESTO IRRIGATION DISTRICT;
THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
SEMPRA ENERGY TRADING CORP.;
AVISTA ENERGY INC.; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; ENRON POWER
MARKETING, INC.; CALIFORNIA
INDEPENDENT SYSTEM OPERATOR
CORPORATION; CITY OF LOS
ANGELES DEPARTMENT OF WATER
AND POWER; AVISTA ENERGY INC.;
WILLIAMS POWER COMPANY, INC;
SEMPRA ENERGY TRADING CORP.;
MIECO, INC.,
*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 04-75840

CALIFORNIA PUBLIC UTILITIES
COMMISSION; CALIFORNIA
ELECTRICITY OVERSIGHT BOARD,
       *Petitioners-Appellants*,

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General; AVISTA
ENERGY INC.; ENRON POWER
MARKETING INC.; MIECO, INC.,
              *Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
       *Respondent-Appellee*.

No. 04-76095

PACIFIC GAS & ELECTRIC COMPANY,
              *Petitioner*,

MIECO, INC.,
              *Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
              *Respondent*.

No. 05-71761

SOUTHERN CALIFORNIA EDISON COMPANY,

*Petitioner*,

MIECO, INC.,

*Intervenor*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

*Respondent*.

No. 05-72614

THE PEOPLE OF THE STATE OF CALIFORNIA,

*Petitioner*,

PORT OF SEATTLE,

*Petitioner-Intervenor*,

PORTLAND GENERAL ELECTRIC COMPANY; EL SEGUNDO POWER LLC; CALIFORNIA EDISON COMPANY,

*Intervenors*,

MIECO, INC.,

*Intervenor*,

and

PINNACLE WEST COMPANY,

No. 05-72678

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent*,

_____

SOUTHERN CALIFORNIA EDISON
COMPANY,

*Applicant-Intervenor*.

CALIFORNIA PUBLIC UTILITIES          No. 05-72954
COMMISSION; CALIFORNIA
ELECTRICITY OVERSIGHT BOARD,

*Petitioners*,

MIECO, INC.,

*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent*.

PACIFIC GAS & ELECTRIC COMPANY,          No. 06-71320

*Petitioner*,

SOUTHERN CALIFORNIA EDISON
COMPANY; THE PEOPLE OF THE

STATE OF CALIFORNIA, EX REL.
XAVIER BECERRA, Attorney General,
*Petitioners-Intervenors*,

MIECO, INC.,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

TUCSON ELECTRIC POWER
COMPANY; PACIFICORP,
*Respondents-Intervenors*,

_____

CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; WILLIAMS
POWER COMPANY, INC;
CONSTELLATION ENERGY
COMMODITIES GROUP, INC.;
PORTLAND GENERAL ELECTRIC
COMPANY; AVISTA ENERGY INC.;
CONSTELLATION ENERGY
COMMODITIES GROUP, INC.; ENRON
POWER MARKETING, INC.; CITY OF
SEATTLE, WASHINGTON; MIDWAY
SUNSET COGENERATION COMPANY,
*Applicants-Intervenors*.

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General,
*Petitioner*,

SOUTHERN CALIFORNIA EDISON
COMPANY,
*Petitioner-Intervenor*,

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*,

PACIFIC GAS & ELECTRIC COMPANY;
AVISTA ENERGY; THE CITY OF LOS
ANGELES DEPARTMENT OF WATER
AND POWER; ENRON POWER
MARKETING INC.; PORTLAND
GENERAL ELECTRIC COMPANY;
CALIFORNIA ELECTRICITY
OVERSIGHT BOARD; MIECO, INC.,
*Intervenors*,

v.

MODESTO IRRIGATION DISTRICT; THE
CITY OF SANTA CLARA; CITY OF
REDDING,
*Respondents-Intervenors*.

No. 06-71642

CALIFORNIA PUBLIC UTILITIES
COMMISSION; CALIFORNIA
ELECTRICITY OVERSIGHT BOARD,
*Petitioners*,

SOUTHERN CALIFORNIA EDISON
COMPANY,
*Petitioner-Intervenor*,

MIECO, INC.,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 06-72006

SOUTHERN CALIFORNIA EDISON
COMPANY,
*Petitioner*,

PACIFIC GAS & ELECTRIC COMPANY;
CORAL POWER, L.L.C..; MIECO, INC.,
*Intervenors*,

and

CALIFORNIA ELECTRICITY
OVERSIGHT BOARD,

No. 06-72195

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
               *Petitioners*,

MIECO, INC.,
               *Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
               *Respondent.*

No. 08-74306

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SAN DIEGO

No. 08-74834

GAS & ELECTRIC COMPANY;
SOUTHERN CALIFORNIA EDISON
COMPANY,

*Petitioners*,

SACRAMENTO MUNICIPAL UTILITY
DISTRICT; CITY OF PASADENA,
CALIFORNIA; MIECO, INC.,

*Intervenors*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent*.

THE PEOPLE OF THE STATE OF          No. 09-71953
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; SOUTHERN
CALIFORNIA EDISON COMPANY;
PACIFIC GAS & ELECTRIC COMPANY,

*Petitioners*,

MIECO, INC.,

*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent.*

THE PEOPLE OF THE STATE OF                No. 09-71961
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; SOUTHERN
CALIFORNIA EDISON COMPANY;
PACIFIC GAS & ELECTRIC COMPANY,
                    *Petitioners*,

MIECO, INC.,
                    *Intervenor*,

                v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent.*

THE PEOPLE OF THE STATE OF                No. 10-71708
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
                    *Petitioners*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
*Petitioners*,

MIDWAY SUNSET COGENERATION
COMPANY,
*Intervenor*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

*Respondent.*

No. 11-71542

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
*Petitioners*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 12-70406

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
*Petitioners*,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,
*Respondent*.

No. 12-70407

THE PEOPLE OF THE STATE OF
CALIFORNIA, EX REL. XAVIER
BECERRA, Attorney General;
CALIFORNIA PUBLIC UTILITIES
COMMISSION; PACIFIC GAS &
ELECTRIC COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY,
                    *Petitioners*,

            v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent*.

No. 12-71034

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Argued and Submitted March 22, 2017
San Francisco, California

Filed April 21, 2017

Before: Sidney R. Thomas, Chief Judge, and M. Margaret
McKeown and Richard R. Clifton, Circuit Judges.

Opinion by Chief Judge Thomas

# SUMMARY[**]

## Federal Energy Regulatory Commission

The panel granted in part, and denied in part, a petition for review brought by various entities challenging the Federal Energy Regulatory Commission ("FERC")'s calculation of certain refunds arising out of the California energy crisis in 2000 and 2001.

The panel held that FERC did not act arbitrarily or capriciously in its construction of tariffs, and denied the petition as to the question of whether refunds should be netted hourly or across the entire refund period. FERC found that in order to calculate the total refund shortfall resulting from *Bonneville Power Administration v. FERC*, 422 F.3d 908 (9th Cir. 2005), the California Independent System Operator Corporation should net sales and purchases over hourly intervals. FERC applied the same rationale to the California Power Exchange Corporation ("Cal-PX"), and directed it to perform its final refund netting purchases and sales over hourly intervals to reflect the period during which the obligation was incurred.

Addressing a $5 million deficit in the Cal-PX settlement clearing account that resulted from a transfer of funds from the settlement clearing account to the operating account in March 2001, the panel held that FERC acted arbitrarily and capriciously in allocating the refund only to net buyers and

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not to all market participants. The panel granted the petition as to this issue.

## COUNSEL

Stan Berman (argued) and Eric Todderud, Sidley Austin LLP, Seattle, Washington; Mark D. Patrizio and Joshua S. Levenberg, Pacific Gas and Electric Company; for Petitioner Pacific Gas and Electric Company.

Candace J. Morey; Arocles Aguilar, General Counsel; San Francisco, California; as and for Petitioner Public Utilities Commission of the State of California.

Kevin J. McKeon, Judith D. Cassel, and Whitney E. Snyder, Hawke McKeon & Sniscak LLP, Harrisburg, Pennsylvania; Danette E. Valdez, Supervising Deputy Attorney General; Martin Goyette, Senior Assistant Attorney General; Mark Breckler, Chief Assistant Attorney General; Office of the Attorney General, San Francisco, California; for Petitioners People of the State of California ex rel. Xavier Becerra, Attorney General.

Richard L. Roberts and Catherine M. Giovannoni, Steptoe & Johnson LLP, Washington, D.C.; Russell C. Swartz, J. Eric Isken, and Russell A. Archer, Southern California Edison Company, Rosemead, California; for Petitioners Southern California Edison Company.

Beth Guralnick Pacella (argued), Deputy Solicitor; Robert H. Solomon, Solicitor; Max Minzner, General Counsel; Washington, D.C., for Respondent Federal Energy Regulatory Commission.

**OPINION**

THOMAS, Chief Judge:

This petition for review returns to us as part of a long series of administrative cases arising out of the California energy crisis in 2000 and 2001, the background of which we have described in detail in earlier opinions.[1] This petition requires us to determine whether the Federal Energy Regulatory Commission ("FERC" or "Commission") acted arbitrarily or capriciously in calculating certain refunds.

We review FERC decisions to determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Pac. Gas & Elec. Co. v. FERC*, 373 F.3d 1315, 1319 (D.C. Cir. 2004) (citing 5 U.S.C. §706(2)(A); *Sithe/Indep. Power Partners v. FERC*, 165 F.3d 944, 948 (D.C. Cir. 1999)). "FERC must be able to demonstrate that it has made a reasoned decision based upon substantial evidence in the record." *Id.* (quoting *N. States Power Co. v. FERC*, 30 F.3d 177, 180 (D.C. Cir. 1994)). The Court also must ensure that FERC "articulate[s] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983)).

---

[1] *See, e.g.*, *MPS Merch. Servs., Inc. v.FERC*, 836 F.3d 1155, 1160 (9th Cir. 2016); *Cal. ex rel. Harris v. FERC*, 809 F.3d 491, 496–98 (9th Cir. 2015); *Pub. Utils. Comm'n of State of Cal. v. FERC*, 462 F.3d 1027, 1036–45 (9th Cir. 2006); *Bonneville Power Admin. v. FERC*, 422 F.3d 908, 911–14 (9th Cir. 2005); *Cal. ex rel. Lockyer v. FERC*, 383 F.3d 1006, 1008–11 (9th Cir. 2004).

We grant the petition in part and deny it in part.

I

After we concluded in *Bonneville Power Administration v. FERC* that FERC had acted outside its jurisdiction when ordering governmental entities/non-public utilities to pay refunds, 422 F.3d 908, 926 (9th Cir. 2005), the Commission vacated each of its orders in the California refund proceeding to the extent that they ordered governmental entities/non-public utilities to pay refunds. *San Diego Gas & Elec. Co. v. Sellers of Energy & Ancillary Servs.* ("2007 Order on Remand"), 121 FERC ¶ 61,067, 61,352–53, 2007 WL 3047581, at *9 (2007).**[2]** The Commission directed the California Power Exchange Corporation ("Cal-PX") and the California Independent System Operator Corporation ("Cal-ISO") to complete refund calculations with all entities that participated in the Cal-PX and Cal-ISO markets and not to redo the refund calculations to remove the governmental entities/non-public utilities. *Id.*

FERC agreed with the California parties ("California")**[3]** that energy sales and purchases should be netted before calculating each party's refund amount, but it found that netting these sales and purchases over the entire refund period could have the indirect effect of requiring governmental

---

**[2]** All proceedings below share this case name. Orders will be referred to by their year and title for the sake of brevity and to avoid confusion.

**[3]** Petitioners the California Parties consist of the Public Utilities Commission of the State of California; the People of the State of California *ex rel.* Xavier Becerra, Attorney General; Pacific Gas and Electric Company; and Southern California Edison Company.

entities and other non-public utilities to pay refunds. 2008 Order on Rehearing and Motions for Clarification and Accounting, 125 FERC ¶ 61,214, 62,112–13, 2008 WL 4962565, at *4–5 (2008). FERC instead found that in order to calculate the total refund shortfall resulting from *Bonneville*, Cal-ISO should net sales and purchases over hourly intervals. *Id.* The Commission noted that under the Cal-ISO Tariff, a settlement period was defined in terms of hourly intervals, and therefore, it directed Cal-ISO to net over hourly intervals to ensure consistency with its tariff requirements. *Id.*

In a later order, FERC applied the same rationale to Cal-PX, whose tariff also specified hourly settlement intervals, and directed Cal-PX to perform its final refund calculations netting purchases and sales over hourly intervals to reflect the period during which the obligation was incurred. 2011 Order Accepting Compliance Filings and Providing Guidance, 136 FERC ¶ 61,036, 2011 WL 2750775, at *11 (2011).

California argues that the applicable tariffs unambiguously require Cal-ISO and Cal-PX to net for the entire refund period, not over hourly intervals. Although California makes a plausible case for its interpretation, we cannot conclude that FERC acted arbitrarily or capriciously in its interpretation of the tariffs. Though the tariffs provide for netting in certain situations over an interval shorter than an hour or for netting charges over an hour and later summing the charges over the day and over the entire month to generate monthly invoices, nothing suggests that the netting interval should span the entire refund period, which lasted nine months. Similarly, FERC's interpretation of the tariff amendments was likewise reasonable. Cal-ISO Amendment No. 51 and Cal-PX Amendment No. 23 segregated

transactions during the refund period. The amendments did not address calculating the total net refunds; they related only to performing settlement reruns and invoice adjustments (prerequisites to calculating final refunds). FERC reasonably interpreted the amendments as inapplicable.

California also argues that FERC's decision to net governmental entity sales on an hourly basis departed from its prior orders without explanation. However, the prior orders cited do not address how the refunds should be netted; they address cost offset allocations.

California also suggests that the result is unduly discriminatory because hourly netting improperly permits governmental entities and non-public utilities to receive unlawfully excessive rates charged for sales made in one hour (without having to repay sellers for the excessive rates), while collecting refunds if that same entity bought power in another hour or in a different market in that same hour. The data do suggest some disparity. However, that is a natural consequence of our jurisdictional decision in *Bonneville*.

In sum, although the tariffs are not specific on these points, we cannot conclude that FERC acted arbitrarily or capriciously in its construction of the tariffs.

II

The second issue in the petition for review concerns a $5 million deficit in the Cal-PX settlement clearing account that resulted from a transfer of funds from the settlement clearing account to the operating account in March 2001; the $5 million was used for operating expenses. The Commission determined that the deficit was attributable to an accounting

error on the part of Cal-PX and found that, given the delay in discovering that the funds had erroneously been transferred, it appeared unlikely that Cal-PX would "be able to determine how, precisely, this $5 million was used, separate and apart from other funds in the operating account during the same period." 2011 Order Accepting Compliance Filings and Providing Guidance, 136 FERC ¶ 61,067, 2011 WL 2750775, at *15. Therefore, the Commission determined that the most efficient and equitable solution was to treat the settlement account deficit "like a refund shortfall and allocate the shortfall among all net refund recipients in proportion to their final refund positions." *Id.* The Commission denied rehearing of its decision, concluding that only net refund recipients (net buyers) would be financially affected by the reduction in the total amount of available funds and that this approach was consistent with its decisions about how to allocate other shortfalls. 2012 Order Denying Rehearing (II), 138 FERC ¶ 61,092, 61,398, 2012 WL 372854, at *3 (2012).

California argues that FERC should have allocated the $5 million deficit to both buyers and sellers, rather than just to net buyers. In this respect, we are guided by *Pacific Gas & Electric*, in which the D.C. Circuit concluded that FERC was required to allocate costs across the entire market. 373 F.3d at 1319–22. *Pacific Gas & Electric* involved Cal-PX "winding up" its business affairs. *Id.* at 1317–18. Because CalPX had no funding source during the wind-up period, FERC allocated the costs of Cal-PX's wind-up and ongoing operations among its customers on the basis of their prior purchases. *Id.* at 1318, 1320. However, the D.C. Circuit held that "FERC's imposition of additional charges on Cal-PX's customers allocated on the basis of their prior purchases without reflection of any new jurisdictional services directly violate[d] the filed-rate doctrine or the rule against retroactive

rulemaking." *Id.* at 1320. Because Cal-PX's former customers had already paid the filed rate for the past jurisdictional services, any imposition of new costs based on the previous transactions was prohibited. *Id.* The court also held that FERC's cost allocation methodology was unreasonable because there was no connection between "the size of [a customer's] account balance" and the "customer's likely benefit from . . . [Cal-Px's] wind-up activities." *Id.* at 1321.

Here, the allocation of the shortfall is not a new charge but is the result of Cal-PX's accounting error. Nonetheless, the $5 million was used for operating expenses and, as noted in *Pacific Gas & Electric*, all market participants benefitted from the continued operation of Cal-PX. *Id.* at 1231. Therefore, consistent with the treatment in *Pacific Gas & Electric*, the shortfall should be allocated among all market participants. *See id.*

FERC argues that its decision was consistent with prior proceedings and, specifically, that the shortfall after *Bonneville* was allocated to refund recipients based on their final net refund positions. *See* 2007 Order on Remand, 121 FERC ¶ 61,067, 61,352–53, 2007 WL 3047581, at *9. However, allocation of the *Bonneville* shortfall is distinguishable because it was a shortfall in refunds. Because governmental entities could not be ordered to pay refunds, there was less money to be allocated to buyers. Here, on the other hand, the shortfall exists in the account from which refunds will be made, but is unrelated to the refund proceeding.

In sum, we agree with the logic employed by the D.C. Circuit and conclude that FERC acted arbitrarily and

capriciously in allocating the refund only to net buyers and not to all market participants.

### III

In conclusion, we deny the petition as to the question whether refunds should be netted hourly or across the entire refund period. We grant the petition as to the allocation of the deficit in the Cal-PX settlement clearing account. Each party shall bear its own fees and costs on appeal.

**PETITION GRANTED IN PART; DENIED IN PART.**